# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION AT LAFAYETTE

DAVID LEROY HALE,            )
                            )
Petitioner,                 )
                            )
vs.                         )     CAUSE NO. 4:14-CV-47
                            )
SUPERINTENDENT,             )
                            )
Respondent.                 )

## OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a Person in State Custody filed by David Leroy Hale, a *pro se* prisoner, on June 9, 2014. For the reasons set forth below, the court **DISMISSES** this habeas corpus petition because it is untimely and **DENIES** a certificate of appealability.


BACKGROUND

David Leroy Hale, is challenging his guilty plea and 40 year sentence for Voluntary Manslaughter by the Tippecanoe Superior Court under cause number 79D02-0603-MR-1 on September 12, 2006. Hale filed a direct appeal which concluded when the Indiana Supreme Court denied his petition to transfer on June 7, 2007. *Hale v. State*, 869 N.E. 2d 460 (Ind. 2007). He did not file a petition for certiorari to the United States Supreme Court and the deadline for

doing so expired on September 5, 2007. Then, 294 days later, he filed a post-conviction relief petition on June 26, 2008. His post-conviction relief proceeding ended when the Indiana Supreme Court denied transfer on March 9, 2012. *Hale v. State*, 963 N.E. 2d 1122 (Ind. 2012). He did not file a petition for certiorari to the United States Supreme Court. Then, 387 days later, he filed a motion for modification on April 1, 2013, which was denied on May 20, 2013. He did not appeal the denial of that motion. This habeas corpus petition was signed and mailed, 372 days later, on May 28, 2014.

DISCUSSION

Pursuant to 2254 Habeas Corpus Rule 4, the Court must review a habeas corpus petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . .." Because this petition is untimely, it must be dismissed.

Habeas Corpus petitions are subject to a strict one year statute of limitations.

> (1) A 1-year period of limitation shall apply to an
> application for a writ of habeas corpus by a person in
> custody pursuant to the judgment of a State court. The
> limitation period shall run from the latest of--
>> (A) the date on which the judgment became
>> final by the conclusion of direct review or
>> the expiration of the time for seeking such
>> review;
>> (B) the date on which the impediment to
>> filing an application created by State action

2

> in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Question 16 on the habeas corpus form asked Hale to explain why the petition was timely. In response he wrote:

> Because by law you can't have two petitions in the courts at the same time. Petitioner had modification for relief in April 1st 2013, and denied May 20th 2013 and before that 2012 2011 P.C. and Amended P.C., transfer in. This is in the one year period. The date's are timely in the limitation periods motion to correct erroneous 2014 so from time of sentence through out had some form of motion in court system. 2006-2014.

DE 1 at 5. Hale does not mention (and nothing in this petition indicates) that state action prevented him from filing this habeas corpus petition sooner or that the petition is based on a newly recognized Constitutional right. Therefore §§ 2244(d)(1)(B) and (C) are not applicable to this case.

Hale asserts that Ground Three is "new with time learning things in my case and learning about law." DE 1 at 4. In Ground Three he argues that the timing of the signing of his guilty plea was inappropriate. He asserts that "the length of time that passed between guilty plea signing and sentencing and rushed signing" was too long. DE 1 at 4. To qualify as a claim based on newly discovered evidence, the claim must be presented within one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The Seventh Circuit has made clear that the time runs from the date when the evidence could have been discovered through diligent inquiry, not when it was actually discovered or when its significance was realized. *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2001). Here, Hale clearly knew how much time elapsed between the negotiation of the guilty plea, when he signed it, and when he was sentenced. Though he may not have understood the significance (if any) of whatever delay may have occurred, he knew how much time had transpired by the time he was sentenced. Therefore 2244(d)(1)(D) is not applicable to this case.

Thus, pursuant to § 2244(d)(1)(A), the 1-year period of limitation began when the judgment became final upon the expiration of the time for seeking direct review when the deadline for filing a petition for certiorari with the United States Supreme Court

expired on September 5, 2007. *See* Sup. Ct. R. 13(1) and *Gonzalez v. Thaler*, 565 U.S. __, __; 132 S. Ct. 641, 653-54; 181 L. Ed. 2d 619, 636 (2012). ("[T]he judgment becomes final . . .when the time for pursuing direct review . . . expires."). The next day, on September 6, 2007, the 1-year limitation period began. It ran until he filed a post-conviction relief petition on June 26, 2008. Pursuant to 28 U.S.C. § 2244(d)(2), the filing of that petition tolled the limitation period. However before he filed his post-conviction relief petition, 294 days had elapsed – leaving him only 71 days once his post-conviction relief proceedings ended. They ended on March 9, 2012, when the Indiana Supreme Court denied transfer. So, 71 days later, on May 21, 2012, the 1-year period of limitation expired. *See* Federal Rule of Civil Procedure 6(a)(1)(C) (excludes the last day if it is Saturday, Sunday, or a legal holiday). Though he would later file a motion for modification on April 1, 2013, by then the deadline had passed and could no longer be tolled. Thus, by the time that this habeas corpus petition was filed on May 28, 2014, it was more than two years late.

Finally, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of appealability. When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). First, the petitioner must show that

5

reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. If the petitioner meets that requirement, then he must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id.* As previously explained, this petition is untimely. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

CONCLUSION

For the reasons set forth above, the court **DISMISSES** this habeas corpus petition because it is untimely and **DENIES** a certificate of appealability.


**DATED: June 11, 2014**          /s/RUDY LOZANO, Judge
                                   **United State District Court**